IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**ABBA YAHUDAH SELLASSIE,**
*also known as Leo Hall,*

Plaintiff,

v.

**INESSCENTS AROMATIC BOTANICALS, LLC,**
*an Oregon Limited Liability Company, and*
**AMBER ASHLEY**, *formerly known as Wendy Ashley,*

Defendants.

Case No. 1:20-cv-00455-CL

**FINDINGS AND RECOMMENDATION**

CLARKE, Magistrate Judge.

This matter comes before the Court on a motion to dismiss Plaintiff's First Amended Complaint, filed by the defendants. For the reasons below, the defendants' motion (#12) should be GRANTED in part and DENIED in part. Plaintiff's Trademark claim should proceed past the pleading stage, but his claims for breach of contract and conversion should be dismissed. Plaintiff should be given leave to replead his claims for breach of contract and conversion within 30 days of the District Court's review and decision.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a motion to dismiss will be granted where a plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "A motion to dismiss under [Rule] 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, a court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

Plaintiff Abba Yehudah Sellassie, also known as Leo Hall, brings this action to pursue and defend his rights to a registered trademark, and his rights in certain business interests.[1] He brings claims for declaratory relief regarding his registered trademark and his ownership of

---

[1] For purposes of this motion and opinion, all factual allegations alleged in the First Amended Complaint (#11) are accepted as true and construed in favor of the Plaintiff.

Inesscents Aromatic Botanicals, LLC, as well as claims for breach of contract, conversion, and unjust enrichment. The defendants bring a motion to dismiss three of the five claims: the claim for declaratory relief regarding the mark, the breach of contract claim, and the conversion claim. For the reasons below, the declaratory relief claim should remain in this case for now. The breach of contract claim and the conversion claim should be dismissed with leave to replead.

**I.    Plaintiff's claim for declaratory relief regarding the registered trademark should remain in the case for now.**

Plaintiff Sellassie alleges, via his First Amended Complaint, that he created the Mark nearly 20 years ago. FAC ¶ 2 (#11). He alleges the following summary regarding this claim:

> [Creation of the Mark] occurred at or around the same time he entered into an agreement with Ms. Ashley to create the essential oils and skincare company that would ultimately become Inesscents. Mr. Sellassie and Ms. Ashley were joined in their efforts in 2006 by Tsadae Neway ("Ms. Neway"). Mr. Sellassie, Ms. Ashley, and Ms. Neway were in a polyamorous relationship, and Mr. Sellassie fathered children with both women. With the addition of Ms. Neway, all three continued the original agreement that Inesscents would be a legacy that they would pass on to their children. Ms. Ashley, however, was the only one of the three who was formally identified as a member of Inesscents. She is currently seeking cancellation of Mr. Sellassie's registration of the Mark before the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB") in proceeding number 92071080 (the "Cancellation Proceeding"). Mr. Sellassie seeks a declaration from this Court pursuant to 28 U.S.C. § 2201(a) and 5 U.S.C. § 1121(a) that he is and always has been the proper owner of the Mark, that the Mark's registration is valid and that it has not been abandoned, and that Inesscents used the Mark via a valid oral license which Mr. Sellassie granted to Inesscents.

FAC ¶ 2-4 (#11).

Plaintiff also alleges the following specific facts. Mr. Sellassie was the brand manager for "Scentimentals," the original business formed by the parties in the year 2000 or so. *Id.* at ¶ 15-16. He ultimately made the decision to change the name to Inesscents. *Id.* at ¶ 16. He created

the name, the brand, and the accompanying packaging for their essential oil and skincare products. *Id.* Mr. Sellassie, Ms. Ashley, and Ms. Neway did not formally register the company until 2004. *Id.* It is in this context that Mr. Sellassie granted a valid oral license to use the Mark to the nascent company. *Id.*

Since the Mark's inception, Mr. Sellassie claims that he has been intimately involved with the Mark's use and ensured that the relevant goods sold under the INESSCENTS AROMATIC BOTANICALS brand are of a high-quality standard. *Id.* at ¶ 18. While the company used the Mark and the INESSCENTS AROMATIC BOTANICALS brand pursuant to the oral license, Mr. Sellassie continued to exercise control over Inesscents' use of the Mark and the INESSCENTS AROMATIC BOTANICALS brand. *Id.* at ¶ 19.

In addition to the facts alleged above, the parties do not dispute that there is a cancellation action with a currently pending summary judgment motion before the Trademark Trial and Appeal Board ("TTAB") on a petition to cancel Sellassie's U.S. Trademark Registration No. 4,474,295 for the trademark "INESSCENTS Aromatic Botanicals." The cancellation action before the TTAB is Cancellation No. 92071080 and was filed by defendant Inesscents Aromatic Botanicals, LLC. *See* FAC, ¶¶3 and 28. Defendant Inesscents Aromatic Botanicals, LLC ("IAB") filed the petition to cancel the registration in 2019 and discovery has closed. IAB filed its motion for summary judgment on January 17, 2020. FAC, ¶ 28. To this date, Plaintiff Sellassie (the defendant in that action) has failed to oppose the motion for summary judgment, but he did move to stay the proceeding in light of the current action here in the United States District Court for the District of Oregon. The motion to stay was granted.

The defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to properly state a claim for declaratory relief. The declaratory relief statute, 28 U.S.C. §2201(a),

requires an actual case or controversy between the parties within the Court's jurisdiction. Until the TTAB rules, the defendants claim, Mr. [Sellassie] is the record owner of a valid registration. Therefore, defendants argue, because there has been no decision by the TTAB regarding the trademark registration, there is no actual case or controversy for the Court to adjudicate. Defendants also claim that the addition to the FAC of a request for a declaration that an "oral license" exists does not create a case or controversy as Mr. Sellassie does not appear to claim that the oral license has been breached.

The Court finds that there is a sufficient case or controversy between the parties to proceed at this stage of the case. Plaintiff has alleged facts regarding his ownership and control of the mark, as well as facts regarding an agreement with Inesscents to license and use the mark, which the defendants clearly dispute or else they would not have filed the cancellation action at the TTAB. The TTAB has stayed their proceeding in light of this action, and this Court has jurisdiction under 15 U.S.C. § 1121(a) (granting district courts original jurisdiction for all actions arising under the Lanham Act).

Additionally, as Plaintiff points out, there are other related claims and facts alleged regarding the personal and business relationship between the parties in this case, and it is in the interests of justice and judicial efficiency to resolve all of these claims together. The claim for declaratory relief regarding the Mark should not be dismissed at this time.

## II.     Plaintiff's breach of contract claim should be dismissed without prejudice.

A claim for breach of contract under Oregon law must allege (1) the existence of a contract, (2) the relevant terms of the contract, (3) plaintiff's full performance and lack of breach, and (4) defendant's breach resulting in damage to plaintiff. *Slover v. Or. State Bd. of Clinical Social Workers*, 144 Ore. App. 565, 927 P.2d 1098, 1101-02 (Or. Ct. App. 1996). Here, Plaintiff

only alleges the existence of a contract in the most conclusory terms, leaving defendants and this Court to speculate on what the obligations of the parties were under the contract. Plaintiff alleges that, "Mr. Sellassie entered into a contract with Ms. Ashley and Ms. Neway to create, grow, and operate Inesscents," and that "he is entitled to one-third of the LLC." FAC, ¶38. He alleges that he performed all conditions precedent to entitle him to the one-third interest, but he does not state what those obligations are or were. FAC, ¶39. Mr. Sellassie also does not state what the other parties' obligations are or were under the contract, other than the following:

> Ms. Ashley formed the LLC without acknowledging Mr. Sellassie's ownership and has now taken the position that he is not entitled to an ownership interest in the LLC. Ms. Ashley has failed to perform pursuant to the contract, and her performance has neither been waived nor excused. Consequentially, she is in breach of contract.

*Id*. Mr. Sellassie alleges that "Ms. Ashley's breach damaged Mr. Sellassie in an amount to be proven at trial but currently estimated to be not less than $100,000." FAC, ¶ 40. He does not allege any action by Ms. Ashley that explains why he would be entitled to these damages. Merely "taking a position" or holding a belief about his interest is not an allegation of breach. Did Ms. Ashley fail to turn over profits he was due under the contract? How should those have been calculated? How did she act or fail to act in the manner that caused such damages? When did she do so? Without knowing any of the obligations or terms of the contract, the Court and the defendants are left unable to determine whether Plaintiff has stated a plausible claim for relief. This claim should be dismissed.

The Court cannot say with certainty that this claim could not be cured by amendment. Therefore, leave to amend should be granted   Plaintiff should be given thirty (30) days to file an amended complaint repleading his breach of contract claim.

**III.     Plaintiff's conversion claim should be dismissed without prejudice.**

In Oregon, "there can be no conversion of money, unless it was wrongfully received by the party charged with conversion or unless such party was under obligation to return the specific money to the party claiming it." *Wood Indus. Corp. v. Rose*, 530 P.2d 1245, 1248 (Or. 1975). Further, "trover lies for the conversion of 'ear-marked' money, or specific money capable of identification, or coins or notes that have been entrusted to the defendant's care." *Id*. at 1247. In moving to dismiss, the defendants assert that Mr. Sellassie has failed to allege the elements of conversion, and particularly, that Plaintiff is the owner of specific property allegedly converted.

The Court agrees that Mr. Sellassie has failed to state a claim for conversion under Oregon law. The First Amended Complaint alleges "Ms. Ashley has wrongfully exercised dominion and control over Mr. Sellassie's share of the profits." ¶ 42. This does not establish that the defendants wrongfully received the money, nor that they were under obligation to return the specific money to Mr. Sellassie.

First, Mr. Sellassie has failed to allege that the defendants wrongfully received the money. In fact, based on the background facts provided in the First Amended Complaint, it appears as though the parties specifically contemplated that the LLC and Ms. Ashley would receive the money generated by the business, so Mr. Sellassie could avoid handling it, as required by his religious beliefs. FAC ¶ 7, 22. Second, Mr. Sellassie fails to establish that the defendants had an obligation to return specific money. As discussed above, there is no allegation regarding an agreement that stipulated the allocation of profits between the parties.  Without a contract that establishes the obligations of each party, the defendants are under no obligation to return Mr. Sellassie any money.  Furthermore, Mr. Sellassie's complaint does not allege specific money was converted. The complaint alleges Mr. Sellassie's share of the profits were converted but fails to allege a specific sum of money or a time period in which the defendants exercised

dominion and control over Mr. Sellassie's money. Therefore, Plaintiff has failed to state a plausible claim for relief for conversion.

The Court cannot say with certainty that this claim could not be cured by amendment. Therefore, leave to amend should be granted   Plaintiff should be given thirty (30) days to file an amended complaint repleading her conversion claim.

### IV.     The third member of the LLC, Ms. Neway, is to be joined as a party.

At the oral argument hearing for this motion, defense counsel raised the issue of whether or not the third alleged member of the LLC should be joined as a necessary and indispensable party to this litigation. The Court requested supplemental briefing on this issue.  Without conceding that Ms. Neway is a necessary and indispensable party, Plaintiff indicates that she has agreed to join the litigation as an additional plaintiff, and she will be so joined upon the filing of a Second Amended Complaint.  Because the Court has already determined that the Plaintiff should be allowed to file an amended complaint, this is an acceptable solution, and the Court need not determine whether Ms. Neway is indeed necessary and indispensable.

### RECOMMENDATION

For the reasons above, the defendants' motion (#12) should be GRANTED in part and DENIED in part.  Plaintiff's claims for breach of contract and conversion should be dismissed without prejudice and with leave to refile an amended complaint, if the deficiencies addressed by the Court can be cured by amendment.

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered.  If objections are filed, any response is due within fourteen (14) days after the date the objections are filed.  See FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 28th day of July, 2020.

/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge
