Richard Billin, OSB 904546
Email: rich@billinpc.com
812 Bennett Ave.
Medford, OR 97504
Telephone: (541) 776-9900
Facsimile: (541) 774-1005

Ben T. Lila, Admitted *pro hac vice*
Email: blila@mandourlaw.com
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300

Attorneys for Defendants Inesscents Aromatic Botanicals, LLC
and Amber Ashley

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| ABBA YAHUDAH SELLASSIE, aka LEO HALL, an individual, and TSADAE NEWAY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> INESSCENTS AROMATIC BOTANICALS, LLC, an Oregon limited liability company, and AMBER ASHLEY fka WENDY ASHLEY, an individual, <br><br> Defendants. | Case No. 1:20-cv-00455-CL <br><br> **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................4

II. MOTIONS FOR JUDGMENT ON PLEADING......................................................................5

III. ARGUMENT........................................................................................................................6

    A.    Standard of Review...............................................................................................6

    B.    MOTION 1 – Motion for Judgment on Pleadings for Third Claim for Relief – Breach of Contract ................................................................................6

    C.    MOTION 2 – Motion for Judgment on Pleadings for Second Claim for Relief for Declaratory Relief – LLC Membership Interest......................................8

    D.    MOTION 3 – Motion for Judgment on Pleadings for Fourth Claim for Relief – Unjust Enrichment .................................................................................8

IV. CONCLUSION....................................................................................................................9

## TABLE OF CASES AND AUTHORITIES

**Cases**

*Aschcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 6

*Dworkin v. Hustler Magazine Inc.*,
    867 F.2d 1188 (9th Cir. 1989) ................................................................................... 6

*Hoag Living Trust dated February 4, 2013 v. Hoag, Court of Appeals of Oregon*,
    292 Or. App. 34 (Or. Ct. App. 2018) ......................................................................... 8

*John Latta Assoc. Inc. v. Vasilchenko*,
    240 Or. App. 96 (Or. Ct. App. 2010) ......................................................................... 7

*Partlow v. Clark*,
    60 Or. App. 237 (Or. Ct. App. 1983) ......................................................................... 7

*School Dist. No. 1 v. Rushlight Co.*,
    232 Or. 341 (Or. 1962) .............................................................................................. 7

*Waxman v. Waxman & Assocs., Inc.*,
    224 Or. App. 499 (Or. Ct. App. 2008) ....................................................................... 7

**Statutes**

28 U.S.C. §2201(a) ........................................................................................................... 8
ORS 12.080(1) ............................................................................................................. 6, 8
ORS 63.001(23) ................................................................................................................ 7
ORS 63.239 ....................................................................................................................... 7

**Other Authorities**

*CJS Limitation of Actions* § 196 (2018) ........................................................................... 9
*Restatement (Third) of Restitution and Unjust Enrichment* § 70 .................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 4
Fed. R. Civ. P. 12(c) ..................................................................................................... 5, 6
LR 7.1 ................................................................................................................................ 4

**CERTIFICATE OF COMPLIANCE WITH LR 7.1**

Pursuant to LR 7.1, undersigned counsel has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues in dispute. The parties have been unable to do so. Specifically, on October 27, 2020, Defendants' counsel called Plaintiffs' counsel regarding the substance of the present Motion for Judgment on the Pleadings. Plaintiffs' counsel declined to stipulate to the motion or relief requested herein.

## I.     INTRODUCTION

The Second Amended Complaint ("SAC") of Plaintiffs Leo Hall and Tsadae Neway is the latest pleading in this action that asserts facially defective claims against Defendants Inesscents Aromatic Botanicals, LLC ("IAB") and Amber Ashley. Defendant IAB has already filed two Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with respect to Mr. Hall's original Complaint and First Amended Complaint based on a failure to state a claim. In response, Plaintiffs' SAC added Tsadae Neway as a necessary plaintiff and defendant Amber Ashley, IAB's principal, individually.

The SAC continues Mr. Hall's desperate attempt to avoid summary judgment before the Trademark Trial and Appeal Board ("TTAB") on a petition to cancel his fraudulent U.S. Trademark Registration No. 4,474,295 for the trademark "INESSCENTS Aromatic Botanicals". Plaintiff Hall failed to conduct any discovery in that proceeding and also failed to oppose a motion for summary judgment.

Plaintiffs, in the SAC, allege Ms. Ashley breached a contract to grant each of them 1/3 ownership of IAB. SAC, ¶¶37-41. In particular, the SAC alleges that an oral agreement was formed in 2006 where Ms. Ashley, Mr. Hall and Ms. Neway would share equally in ownership

and "decision-making" in the limited liability company, Inesscents Aromatic Botanicals LLC. Dkt. #31, ¶8. The SAC further alleges that Ms. Ashley breached the contract when she failed to "share equally the ownership and decision-making of Inesscents with Plaintiffs." *Id.* at ¶40. Even if these allegations are considered true for purposes of this motion, any alleged breach by Defendants occurred at least as early as 2004 when defendant Amber Ashley delivered a sole membership interest in the limited liability company to herself and then filed annual public statements with the Oregon Secretary of State giving annual constructive notice to Plaintiffs of her alleged breach including, but not limited to, annual reports in 2010, 2011, 2012 and 2013. *See* Exhibits 1-3. As such, Oregon's six-year statute of limitations for a breach of contract action has now long expired. Accordingly, Plaintiffs' second cause of action for declaratory relief regarding ownership of the LLC and third cause of action for breach of contract must fail. Furthermore, Plaintiffs may not maintain a claim of unjust enrichment based on the alleged oral agreement as the statute of limitations is equivalent to the breach of contract claim. Thus, judgment should be entered with prejudice against all three claims as a matter of law.

## II.    MOTIONS FOR JUDGMENT ON THE PLEADINGS

Defendants IAB and Amber Ashley fka Wendy Ashley ("Ms. Ashley") (collectively "Defendants") now move for judgment on the pleadings on the following causes of action as follows:

**MOTION 1 –** For Judgment on the Pleadings as to Plaintiff's third claim for breach of contract pursuant to Fed. R. Civ. P. 12(c) because the applicable statute of limitations has expired.

**MOTION 2 –** For Judgment on the Pleadings as to Plaintiff's second claim for

declaratory relief pursuant to Fed. R. Civ. P. 12(c) because the applicable statute of limitations has expired.

**MOTION 3** – For Judgment on the Pleadings as to Plaintiff's fourth claim for unjust enrichment pursuant to Fed. R. Civ. P. 12(c) because the applicable statute of limitations or equivalent laches period has expired.

### III.    ARGUMENT

#### A.    Standard of Review

The standards governing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings are the same as those governing a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that the only difference between a Fed. R. Civ. P. 12(c) motion and a 12(b)(6) motion is timing). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible only when the complaint alleges facts that allow a reasonable inference that the defendant would be liable for the alleged misconduct." Id. at 678 (*citing Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

#### B. MOTION 1 – Motion for Judgment on the Pleadings for Third Claim for Relief – Breach of Contract

The six-year statute of limitations on Plaintiffs' claim for breach of contract has long expired. ORS 12.080(1) provides, in pertinent part, that "[a]n action upon a contract . . . shall be commenced within six years." *See also Waxman v. Waxman & Assocs., Inc.*, 224 Or. App. 499,

512 (Or. Ct. App. 2008) (stating that "the applicable statute of limitations for [] contract claims, is without a discovery rule, six years from the date of the breach.") The six-year "statute of limitations runs from the *date of the breach*, not the date of contract" and it "may be tolled in certain cases, e.g., those involving fraudulent concealment of the breach." *Id*. (emphasis added).

Under ORS 63.001(23), a membership interest is defined as a member's collective rights in an LLC and thus is the equivalent of shareholder ownership interest. Under ORS 63.239, a person becomes a member of a limited liability company either in the articles of organization, by consent of the current members or by assignment. Mr. Hall alleges he entered into an oral agreement with Ms. Ashley in the year 2000. SAC, ¶8. Mr. Hall further alleges that a term of the contract was that defendant Ashley would incorporate IAB and "share in equally in its ownership." SAC ¶ 38. Although the allegations are false, if taken as true, Ms. Ashley would have been obligated to deliver Plaintiffs an ownership membership of the LLC when she incorporated IAB in 2004. Such a transfer of membership interest, however, never occurred – Plaintiffs have not at any time been members of IAB. Plaintiffs admit that IAB was incorporated on September 20, 2004. Dkt. #31, ¶8. Moreover, Plaintiffs admit that Ms. Ashley is the only member identified in the LLC's filings. *Id.* Likewise, the SAC alleges that Ms. Ashley was obligated to transfer an ownership interest to Ms. Neway in 2006. *Id.* Again, this did not occur in 2006. *Id.* Furthermore, Mr. Hall and Ms. Neway have had at least constructive notice of this public record fact for years. *See School Dist. No. 1 v. Rushlight Co.*, 232 Or. 341, 349 (Or. 1962); *John Latta Assoc. Inc. v. Vasilchenko*, 240 Or. App. 96, 107 (Or. Ct. App. 2010); *Partlow v. Clark*, 60 Or. App. 237, 245 (Or. Ct. App. 1983). As set forth in the Articles of Organization, Ms. Ashley aka Wendy Ashley is listed as the single manager of the LLC. *See* Request for Judicial Notice, Exhibit 1. Moreover, annual reports have been filed and available via the

Oregon Secretary of State's website for, at least, 2010, 2011, 2012, and 2013. *Id.* at Exhibits 2 and 3. Thus, plaintiffs Hall and Neway knew and had constructive notice from at least 2006 to 2013 that they were not LLC members and thus had not received any ownership interest. *Id.* Plaintiffs have had constructive notice for ***at least seven (7) years*** that Ms. Ashley had not met her alleged obligation under the alleged oral contract. *Id.* Accordingly, because the statute of limitations has expired, judgment should be entered against Plaintiffs' claim of breach of contract.

## C. MOTION 2 – Motion for Judgment on Pleadings for Second Claim for Relief for Declaratory Relief – LLC Membership Interest

As set forth above, Plaintiffs' claim for breach of contract cannot be maintained as matter of law. ORS 12.080(1). The Court can simply take judicial notice that Ms. Ashley is the sole owner of the limited liability company per the records of the Oregon Secretary of State and enter judgment in Defendants' favor. *See* Exhibits 1-3. As such, there is also no possibility to seek declaratory relief under, 28 U.S.C. §2201(a), which requires an actual case or controversy within the Court's jurisdiction. Accordingly, because the statute of limitations has expired on the claim for breach of contract, judgment should be entered against Plaintiffs' claim for declaratory relief regarding the LLC's ownership as well.

## D. MOTION 3 – Motion for Judgment on Pleadings for Fourth Claim for Relief – Unjust Enrichment

It is well settled law that that the statute of limitation and defense of laches for unjust enrichment claims are governed by the same six-year period as contract claims. *See Hoag Living Trust dated February 4, 2013 v. Hoag, Court of Appeals of Oregon*, 292 Or. App. 34, 45 (Or. Ct. App. 2018), *citing Restatement (Third) of Restitution and Unjust Enrichment* § 70 and *CJS*

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS - Page 8

*Limitation of Actions* § 196 (2018).  Oregon courts have further recognized that the date of accrual on an unjust enrichment claim for purposes of a statute of limitations is the time when the Plaintiff could first have maintained an action.  *Id*.  As such, Plaintiffs' claim for unjust enrichment could first be maintained in 2006, roughly **fourteen** years ago.  *See* Exhibits 1-3 and SAC, ¶8.  Accordingly, because the equivalent statute of limitations has expired, judgment should be entered against Plaintiffs' claim of unjust enrichment.

### IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant the motion for judgment on the pleadings with regards to the second, third and fourth causes of action and entered judgment with prejudice against Plaintiffs accordingly.

Respectfully Submitted,

MANDOUR & ASSOCIATES, APC

Date:  November 12, 2020

By:    /Ben T. Lila/
Ben T. Lila, admitted *pro hac vice*
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Defendants,
INESSCENTS AROMATIC
BOTANICALS LLC and Amber Ashley

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed the foregoing:

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

with the Clerk of the Court for the United States District Court for the District of Oregon by using the CM/ECF system, which will cause service to be issued upon all parties of record who are participants in the system.

Date: November 12, 2020

By: /Ben T. Lila/
Ben T. Lila