IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ABBA YAHUDAH SELLASSIE,
*also known as Leo Hall,* and
**TSADAE NEWAY**,

Case No. 1:20-cv-00455-CL

Plaintiffs,

v.

**FINDINGS AND RECOMMENDATION**

**INESSCENTS AROMATIC BOTANICALS, LLC,**
*an Oregon Limited Liability Company,* and
**AMBER ASHLEY**, *formerly known as Wendy Ashley,*

Defendants.

___

CLARKE, Magistrate Judge.

This matter comes before the Court on a motion for judgment on the pleadings (#33), filed by the defendants. For the reasons below, the motion (#12) should be DENIED. Defendants also raise a motion for judicial notice (#34), which is granted.

## LEGAL STANDARD

The standards governing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings are the same as those governing a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Dworkin v. Hustler*

*Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that the only difference between a Fed. R. Civ. P. 12(c) motion and a 12(b)(6) motion is timing). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating this kind of motion, a court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

The relationship between the parties and the claims have been discussed in the previous motions and opinions in this case, and the Court will only briefly review them here.[1] Plaintiff Abba Yehudah Sellassie, also known as Leo Hall, brings this action to pursue and defend his rights to a registered trademark and his rights in certain business interests. A second Plaintiff, Tsadae Neway has also joined the pleadings. Plaintiffs have filed a Second Amended Complaint (#31) bringing claims for declaratory relief regarding the registered trademark and their ownership interest in Inesscents Aromatic Botanicals, LLC, as well as claims for breach of contract and unjust enrichment. The defendants move for judgment on the pleadings of three of the four claims: the LLC ownership interest claim, the breach of contract claim, and the unjust enrichment claim.

Defendants claim that, if the Plaintiffs' allegations are true, their claims accrued when Ms. Ashley registered the business as an LLC in 2004. Defendants claim that because the registration was public record, the Plaintiffs were, or should have been, on notice that Ms. Ashley considered herself the sole owner of the business. Similarly, Defendants claim that,

---

[1] For purposes of this motion and opinion, all factual allegations alleged in the Second Amended Complaint (#31) are accepted as true and construed in favor of the Plaintiff.

when Ms. Neway allegedly joined the business in 2006, Ms. Ashley would have been obligated to add her to the LLC registration, which she did not. "Thus, plaintiffs Hall and Neway knew and had constructive notice from at least 2006 to 2013 that they were not LLC members and thus had not received any ownership interest." Def Mot. p 8 (#33). As a result, Defendants claim that the statute of limitations has passed for Plaintiffs' claims for declaratory relief regarding LLC ownership and breach of contract, both of which are governed by six-year statutes of limitations. *See* O.R.S. 12.080(1) ("[a]n action upon a contract . . . shall be commenced within six years."); *Hoag Living Trust dated February 4, 2013 v. Hoag*, 292 Or. App. 34, 45 (2018), (the statute of limitation and defense of laches for unjust enrichment claims are governed by the same six-year period as contract claims). Indeed, if Plaintiffs had notice of their claims in 2006, they would be well passed the applicable 6-yrear statute of limitations for these claims.

However, while the LLC paperwork filing dates may prove to be important evidence to a factfinder, Plaintiffs allege in their Second Amended Complaint, that, regardless of the registration of the LLC, the parties had a mutual understanding and agreement for their joint business that began in 2000 and lasted well beyond 2004 or even 2006. Plaintiffs allege that they, including Ms. Ashley, viewed one another as co-founders who shared in the ownership of the business. SAC ¶ 8. Plaintiffs allege that they and Ashley operated the business together using an agreed-upon division of labor and decision-making processes for many years. SAC ¶¶ 20-21. Plaintiffs further allege that the business relationship continued even after the end of Sellassie and Ashley's romantic relationship in 2013. SAC ¶ 25. Plaintiffs allege Sellassie was taken aback by Ashley's denial of his ownership interest and by her subsequent initiation of the cancellation proceedings in 2019. SAC ¶¶ 27-28. Plaintiffs allege the hiring of an art department

without consulting with Plaintiffs was further evidence that Ashley had chosen to abandon her prior obligation. SAC ¶¶ 41.

Under ORS 63.001(23), a membership interest is defined as a member's collective rights in an LLC and thus is the equivalent of shareholder ownership interest. Under ORS 63.239, a person becomes a member of a limited liability company either in the articles of organization, by consent of the current members or by assignment. Because the articles of organization are not the only possible way for a person to become a member of an LLC, the registration documents are not dispositive evidence of the issue of membership in this case. Nor are they definitive of the issue of accrual in this case. Taking Plaintiffs' allegations as true, the parties conducted business according to their mutual agreement, allegedly an oral contract, for many years after the registration of Ms. Ashley as sole member of the LLC. Therefore, whether or not the parties formed a valid contract, and when and how that contract might have been breached, is a disputed question of fact yet to be determined. Defendants are not entitled to a judgment on the pleadings as to the LLC ownership or the breach of contract claim.

Defendants' motion regarding the unjust enrichment claim is dependent on the dismissal of the breach of contract claim. The motion as to this claim should also be denied.

## RECOMMENDATION

For the reasons above, the defendants' motion (#33) should be DENIED. Defendants also raise a motion for judicial notice (#34). The Court sees no reason not to take judicial notice of these documents – they have no impact on the outcome of this decision, but the Plaintiffs do not object, and they appear to be authentic. Therefore, the motion is granted.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If

objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 2 day of March, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge